1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL DAUWALDER,                          No.  1:25-cv-00665-SAB (PC)

12                    Plaintiff,                 ORDER DIRECTING PLAINTIFF TO FILE
                                                 A RESPONSE
13            v.
                                                 (ECF Nos. 1, 4.)
14   DANIEL MOELLER, et al.,

15
                      Defendants.
16

17

18            On June 3, 2025, Plaintiff filed the instant action pro se pursuant to 42 U.S.C. § 1983.

19            On June 5, 2025, then-assigned Magistrate Judge Gary A. Austin issued an order

20   reassigning this case because the civil rights complaint challenges his release from custody-cases

21   of which he does not handle.  (ECF No. 4.)  It was specifically determined that "in order for

22   Plaintiff to obtain release from custody earlier than his new projected September 2025 date, he

23   must seek relief under 28 U.S.C. § 2254, the habeas statute after first exhausting his state court

24   remedies. See Correa v. Shaffer, No. 2:23-cv-00739 TLN KJN P, 2023 WL 8850557, at *8 (E.D.

25   Cal. Dec. 21, 2023), report and recommendation adopted, No. 2:23-cv-00739 TLN KJN P, 2024

26   WL 774924 (E.D. Cal. Feb. 26, 2024) (stating same)."  (Id. at 3.)

27            Despite the liberality given pro se complaints, a district court is not permitted to convert a

28   civil rights action to a habeas petition.  Rather, courts must be careful when considering

                                                     1

converting a civil rights complaint into a habeas corpus petition. This is because "[a]ttempts to circumvent the habeas corpus statute['s exhaustion requirement] will be repudiated," Hanson v. Heckel, 791 F.2d 93, 95 (7th Cir.1986). The exhaustion requirement is not the same for both habeas corpus actions and civil rights actions. A federal court may not grant a writ of habeas corpus in behalf of a state prisoner when the petitioner has not exhausted the remedies available in the courts of the state. Preiser v. Rodriguez, 411 U.S. at 489. This rule is based on the principle of comity, which is defined as "giving a state court system that has convicted a defendant the first opportunity to correct its own errors...." Id. at 492. To the contrary, actions brought under Section 1983 generally do not require exhaustion of state court remedies. Patsy v. Florida Board of Regents, 457 U.S. 496 (1982).

In the absence of a clear intent to bring a habeas petition, federal courts should refrain from converting a defective civil rights claim into a habeas petition. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Further, habeas cases have strict procedural requirements that must be met before such claims may be filed in federal court, and the proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where he is confined. Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004); see also Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Finally, the Younger abstention doctrine precludes the Court from considering Plaintiff's claims while they are also pending in state court. Younger v. Harris, 401 U.S. 37 (1971). Therefore, the Court will not automatically convert this civil rights case into a habeas case. In addition, if Plaintiff wishes to proceed by way of habeas corpus, he must fill out and file the form for a writ of habeas corpus petition naming the proper defendant(s) in compliance with Local Rule 190(b). See Fernandez v. Meir, 432 F.2d 426, 428 (9th Cir.1970); Lee v. Kritzman, 390 F. Supp. 885 (C.D. Cal. 1975) (dismissal is proper for failure to use forms required by local rules).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Within **twenty (20)** days from the date of service of this order, Plaintiff must file a written response indicating whether he wishes: (1) the Court to convert this § 1983 civil rights action into one filed under 28 U.S.C. § 2254; or (2) for the Court to

dismiss this complaint, without prejudice;

2.    The Clerk of Court shall send Plaintiff a form for a writ of habeas corpus; and

3.    Failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order and failure to prosecute.


IT IS SO ORDERED.

Dated:   **June 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge