UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAUWALDER,<br><br>               Plaintiff,<br><br>    v.<br><br>DANIEL MOELLER, et al.,<br><br>               Defendants. | No. 1:25-cv-00665-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A BLANK CIVIL RIGHTS COMPLAINT AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 5) |

       On June 3, 2025, Plaintiff filed the instant action pro se pursuant to 42 U.S.C. § 1983.

       On June 5, 2025, then-assigned Magistrate Judge Gary A. Austin issued an order reassigning this case because the civil rights complaint challenges his release from custody-cases of which he does not handle. (ECF No. 4.) It was specifically determined that "in order for Plaintiff to obtain release from custody earlier than his new projected September 2025 date, he must seek relief under 28 U.S.C. § 2254, the habeas statute after first exhausting his state court remedies. See Correa v. Shaffer, No. 2:23-cv-00739 TLN KJN P, 2023 WL 8850557, at *8 (E.D. Cal. Dec. 21, 2023), report and recommendation adopted, No. 2:23-cv-00739 TLN KJN P, 2024 WL 774924 (E.D. Cal. Feb. 26, 2024) (stating same)." (Id. at 3.)

       On June 6, 2025, the Court directed Plaintiff to file a written response indicating whether he wishes (1) the Court to convert this § 1983 civil rights action into one filed under 28 U.S.C. §

1

2254; or (2) for the Court to dismiss this complaint, without prejudice. (ECF No. 5.)

On June 20, 2015, Plaintiff filed a response stating that he is "seeking leaver to amend my complaint and delete the 'Request for Immediate Release" and Replace it with "seeking action of invalidation of state procedure to deny parole eligibility…and parole suitability."   (ECF No. 7.)  Plaintiff requests the Court send him a blank section 1983 complaint and notes that he has sent the filing fee. (Id.)

Based on Plaintiff's response, the Court will send Plaintiff a blank section 1983 civil rights complaint.  However, Plaintiff is advised that the Court makes no determination as to whether his alleged claims may proceed by way of section 1983 complaint, and the Court must screen all complaints filed by prisoners seeking relief against a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **June 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge